NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

## For the Seventh Circuit
### Chicago, Illinois 60604

Submitted March 30, 2020[*]
Decided March 31, 2020

Before

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

| | |
|---|---|
| No. 18-3453 | Appeal from the United States District Court for the Southern District of Illinois. |
| UNITED STATES OF AMERICA,<br>*Plaintiff-Appellee,* | |
| *v.* | No. 3:17-CR-30200-SMY-1<br>Staci M. Yandle, *Judge.* |
| KENNY B. MCCLINE,<br>*Defendant-Appellant.* | |

**Order**

Kenny McCline pleaded guilty to possessing a firearm, despite felony convictions that made it unlawful for him to do so. 18 U.S.C. §922(g)(1). While this case was pending on appeal, the Supreme Court held in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), that knowledge of the disqualifying felony conviction is an element of the offense defined by §922(g)(1). McCline asks us to vacate his guilty plea, because before the judge

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. See Fed. R. App. P. 34(a); Cir. R. 34(f).

accepted that plea she did not inform him that, at a trial, the prosecution would need to prove that he knew that a prior conviction made it unlawful for him to possess firearms.

McCline has not argued, however, that he was unaware of his legal disability, and such an argument would not be plausible. A disqualifying conviction is one "punishable by imprisonment for a term exceeding one year" (§922(g)(1)). McCline has several such convictions, and he actually served more than a year in prison for four of them. He does not contend that he was ignorant of the fact that being sentenced to, and serving, more than a year in prison shows that a sentence exceeding one year was authorized.

Instead McCline argues that the prosecutor must show the *absence* of prejudice, which should be presumed. This court rejected that argument in *United States v. Williams*, 946 F.3d 968 (7th Cir. 2020). *Williams* controls this appeal.

AFFIRMED